MINOR ET AT *vs.* LANBELLE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The proceedings of the court below will be considered as regular, until the contrary appears; and where a case is stated to be *on trial* of a Friday, it will be presumed to have commenced the day preceding being that on which it was fixed for trial.

EASTERN DIST.
April, 1836.

MINOR ET AL.
vs.
LANBELLE.

The appellant cannot assign for error apparent on the face of the record, that the judgment was signed before the expiration of three judicial days from its rendition.

In this case the plaintiffs had obtained an injunction against the defendant, to stay an order of seizure and sale she was prosecuting against certain mortgaged property, in their possession.

At the October term, 1835, of the District Court for the parish of Ascension, the following proceedings were had in this cause :

"Tuesday, October 13th, 1835. It is ordered that this suit be set for trial on Thursday next."

"Friday October 16, 1835. This case being on trial, the defendant, widow Lanbelle, introduced the following testimony."

"On the 17th October 1835. The court this day rendered final judgment in this case, to wit : 'The plaintiffs in injunction having been called, and, not appearing to prosecute their suit, &c., it is ordered that the injunction herein be dissolved at plaintiffs' costs ; and that the principals and surety in the injunction be condemned *in solido* to pay interest on the sum injoined, at the rate of ten per centum per annum, and twenty-five per centum damages for the trouble and expense, to which the party enjoined has been subjected.'"

Judgment signed the same day.

The plaintiffs in injunction appealed from this judgment.

The clerk of the court below certified in his return to a writ of *certiorari*, that the words found in the transcript of the record, at page 23, "this case being on trial, defendant, widow Lanbelle, introduced the following testimony," were not to be found on the minutes of the court, &c., but were inserted in the transcript by mistake.

*T. Slidell*, for the plaintiffs, assigned the following points, as errors on the face of the record :

1. This cause was tried on a different day from that for which it was set down for trial.

2. The judgment was signed before the expiration of three judicial days from that on which it was rendered in court.

EASTERN DIST.
*April,* 1836.

MINOR ET AL.,
*vs.*
LANBELLE.

*J. Seghers,* for the defendant.

1. In this case there is neither a statement of facts, bill of exceptions, evidence, nor any other matter by which the court can review or examine the judgment. The appeal should therefore be dismissed. 3 *Martin, N. S.,* 89. 5 *Ibid.,* 84. 7 *Ibid.,* 237.

2. The appellant cannot assign as error, that judgment was signed too soon, or before the lapse of three judicial days from the time it is rendered. By appealing he has chosen to consider it as final. 7 *Martin, N. S.,* 234. 4 *Martin's Reports,* 190.

3. The trial of the case began on Thursday, and ended on Friday following, in the court below; but on whatever day the cause may have been tried, cannot be alleged as error in law; it is mere matter *of fact.* Nothing can be assigned as error apparent on the face of the record, except matters of law. See *Code of Practice, article* 897. 11 *Martin's Reports,* 558.

*Bullard J.,* delivered the opinion of the court.

The appellant relies on an assignment of errors, apparent on the face of the record: 1st. That the cause was tried on a different day from that for which it was set, and, 2d. That judgment was signed before the expiration of three days from the one on which it was rendered.

I. It appears that the case was set for trial on Thursday, and on the following day, it is stated in the record, that "the case being on trial, the widow Lanbelle introduced the following testimony." Whether the trial commenced on the day for which it was fixed, is not shown; but the judge states in his judgment, that the plaintiffs in the injunction were called, and failed to prosecute their suit. We are bound to believe that the proceedings were regular, until the contrary appears, and the case being on trial on Friday, we

*The proceedings of the court below will be considered as regular, until the contrary appears; and where a case is stated to be on trial of a Friday, it will be presumed to have commenced the day preceding being that on which it was fixed for trial.*

*The appellant cannot assign for error on the face of the record, that the judgment was signed before the expiration of three judicial days from its rendition.*

EASTERN DIST.
April, 1836.

LALLANDE
vs.
PRESIDENT AND
DIRECTORS    OF
THE LA. STATE
INS. CO.
must presume that the trial commenced on the day previously fixed, according to the previous order of the court.

II. The question raised by the second assignment, has been settled by this court, in the case of Weathersbee *vs.* Hughss.    7 *Martin, N. S.*, 234.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.